STATE EX REL. v. W. E. CRAIG, AUD., ET. AL.

1. RIGHTS NOT INVOLVED NOT AVAILABLE TO DEFEAT LAW.

The act of April 16, 1900, 94 O. L., 364, supplementing Secs. 2822 and 4637, Rev. Stat., authorizes county commissioners to improve county and state roads where no private property is taken. Therefore, where it does not appear that any individual property rights are invaded in a contemplated improvement, the action of the commissioners is within the authority conferred by the statute and should be upheld notwithstanding it might be otherwise or the statute objectionable if individual property rights were involved.

2. ACT SUPPLEMENTING ALREADY COMPLETE LAW DISREGARDED.

Section 4637-1, Rev. Stat., et seq., act of April 16, 1900, 94 O. L., 364, conferring ample power upon county commissioners to improve county roads, determine the cost and expense of the same, providing the means and mode of making the assessment, and being complete and constitutional, are not affected by the apparently conflicting Sec. 2822-2, Rev. Stat., as to assessments, of the same act, it not appearing what purpose there was in adding such provisions to an already complete act; and as to improvements falling within Secs. 4637-1, Rev. Stat., the conflicting provisions of Sec. 2822-2, Rev. Stat., should be disregarded.

**8.** HIGHWAYS WITHIN MUNICIPAL CORPORATIONS—IMPROVEMENT.

County commissioners have authority under the act of April 16, 1900, 94 O. L., 364, Secs. 2822–1 and 4637–1, Rev. Stat., *et seq.*, to improve state and county roads notwithstanding parts thereof may lie within a municipal corporation

APPEAL.

*Samuel Doerfler,* for plaintiff, cited:

We claim that the act in question is unconstitutional for the following reasons:

First, that the county commissioners are compelled to assess back upon the abutting property owners at least one-fourth of the expense of the improvements which is contrary to the rule that assessments must be according to the benefits; and if the benefits should be less than one fourth of the entire expense, the county commissioners could not under this act make a valid assessment. Walsh v. Barron, 61 Ohio St., 15 [55 N. E. Rep., 164].

Second, that in two places only does the act make any reference to the compensation of abutting property owners. The first place is on page 365 of the ninety-fourth of the Ohio Laws, which provides that the county commissioners may assess the damages on account of the widening, etc., of the road upon the abutting property owners. The second reference to the compensation is upon page 366, and authorizes the county commissioners to collect the damages by assessing the same on the abutting property.

These are the only provisions in the act for the compensation of abutting property for any damages it may sustain. Both of these provisions are void by reason of their unconstitutionality. Cincinnati, L. & N. Ry. v. Cincinnati, 62 Ohio St., 465 [57 N. E. Rep., 229]. This act when stripped of these two provisions leaves it without any method of compensation to the property owners for damages sustained by them. For want of such provisions the entire act becomes void. Watson v. Trustees, 21 Ohio St., 667; Shaver v. Starrett, 4 Ohio St., 494; Lamb v. Lane, 4 Ohio St., 167.

If the court should hold the act to be constitutional, we still contend that it does not apply within municipal corporations. Wabash Railroad Co. v. Defiance, 52 Ohio St., 252-298 [40 N. E. Rep., 89].

*P. H. Kaiser* and *F. L. Taft,* for defendant.

HALE, J.

This action was prosecuted in the court of common pleas to enjoin the board of county commissioners from improving a county road, under proceedings authorized by the statute of April 16, 1900, 94 O. L., 364 entitled "An act to supplement Secs. 2822 and 4637, Rev. Stat."

The trial court sustained the demurrer to the petition and gave judgment for the defendant, from which the plaintiff entered an appeal to this court. The grounds for which relief is sought, as stated in the petition, are: That the statute under the authority of which the county commissioners are proceeding, is unconstitutional and void for two reasons:

First. Because no mode is provided whereby the owner of property taken for the improvement can be compensated for such property.

Under this statute no private property is necessarily appropriated for *most* of the improvements authorized; and, as to such improvements as do not involve the appropriation of private property, this objection

can not avail.    As an authority to the commissioners to improve county and state roads where no private property is taken, there is no valid objection to the statute, whatever infirmity there may be in other respects. It does not appear in this case that any individual property rights are invaded, and, therefore, the contemplated action of the county commissioners is within the authority conferred by the statute and should be upheld.

Secondly.    It is claimed that the statute is invalid by reason of the proviso, in Sec. 1 of the act which requires one-fourth of the costs and expenses of the improvement to be assessed upon the land abutting upon the improvement.

Section 1 of the act of 1900, 94 O. L., 864, adds four sections supplemental to Sec. 2822, Rev. Stat., known as Sec. 2822-1 to Sec. 2822-4, inclusive.

Section 2822, Rev. Stat., relates to the subject of taxation, and reads:

" The county commissioners shall, at their March or June session, annually, determine on the amount to be raised for ordinary county purposes, for public buildings, for the support of the poor, and for interest and principal of the public debt, and for road and bridge purposes; and they shall set forth in the record of their proceedings specifically the amount to be raised for each of said purposes."

Section 2822-1 authorizes a levy to be made to create a fund to be known as the state and county road improvement fund.

Section 2822-2 authorizes the county commissioners to use the funds thus created, for improving county and state roads.    That section contains this proviso :  " Provided, however, that no such improvement shall be made until the owners of at least a majority of the foot frontage of the land abutting on said road or part thereof shall petition therefor, and the county commissioners shall assess one-fourth of the cost and expense thereof on said abutting land."

Sections 2822-3 and 2822-4 relate to the proceedings to be had in making the improvement.

Section 2 of the act of 1900 adds eleven sections supplemental to Sec. 4637, Rev. Stat., known as Secs. 4637-1 to 4637-11, inclusive.

Section 4637-1 confers authority and power upon the county commissioners to cause to be graded, paved, curbed and improved, county or state roads.

Section 4637-2 reads :  " The county commissioners may assess the damages on account of the widening, altering or establishing of said road or part thereof, also the costs and expenses of any or all of said improvements or such part of said damages, costs and expenses as they may deem equitable under the circumstances upon the taxable property abutting upon such road or part thereof, either according to the foot frontage or according to the benefits.    The county commissioners are hereby created an assessing board for the purpose of assessing the damages, costs and expenses, as herein set forth, upon the abutting property as aforesaid."

Section 4637-3 reads :  " The commissioners may order such part of the damages, cost and expense of such improvement as they may deem equitable, to be paid out of the county treasury, or out of any state and county road improvement fund."

The provision to Sec. 2822-2, Rev. Stat , and the last two sections quoted are apparently not in harmony ; at least there is a possible conflict in the two. Section 4637-1, Rev. Stat., and following were intended to confer upon the county commissioners ample power to improve county roads, determine the cost and expense of the same, and the proportion to be assessed upon the owners of property abutting upon the proposed improvement, and the proportion to be paid from the road improvement fund.

The means and mode of making the assessment of the equitable portion to be paid by the abutting land owner is therein provided for. The statute seems to be complete in this respect, and its provisions are without objection and clearly not obnoxious to any provision of the constitution. Just what purpose there was in adding the proviso to Sec. 2822–2 is not quite clear, but we hold that it in no way affects the power and authority given to the county commissioners under Sec. 4637–1, Rev. Stat., and following sections, and, as to improvements falling within those sections, must be disregarded.

We hold, therefore, that this statute should not be held unconstitutional because of the proviso appearing in Sec. 2822–2, Rev. Stat.

Again, it is claimed that even though the statute is a valid enactment, still it conferred no authority to improve that part of the county and state road lying within the municipal corporation, and the allegations of the petition are, *that the road to be made lies wholly within the municipalities of East Cleveland and Cleveland Heights.*

We are of the opinion that Lewis v. Laylin, 46 Ohio St., 663 [23 N. E. Rep., 288], settles this contention in favor of the defendant. It is there held in the third proposition of the syllabus :

" County commissioners have authority under the two-mile assessment pike law to improve a state, county or township road, although the improvement embraces that part of the highway which lies within the limits of a municipal corporation."

We find nothing in subsequent decisions, modifying or overruling the principle announced in this case. It is claimed, however, that the case of Lewis v. Laylin is overruled or at least modified by the case of Railroad Co. v. Defiance, 52 Ohio St., 263 [40 N. E. Rep., 89]; the first paragraph of the syllabus reads :

" Where a part of a county road is taken into a municipal corporation by the annexation of contiguous territory, it is subject to the control and supervision of the municipal authorities, who may improve it by grading, or otherwise, at the expense of the corporation. Section 4906, Rev. Stat., does not apply to unimproved county roads."

No reference is made in this case (Railroad Co. v. Defiance) to Lewis v. Laylin, supra, which sustains the jurisdiction of the commissioners in improving a state or county road within the limits of a municipality. The latter case sustains the jurisdiction of the municipal authorities to improve a state or county road within a municipal corporation as one of the streets of the municipality. The result of the two cases is simply to sustain the jurisdiction of the county commissioners and the municipal authorities over such highway.

Plaintiff's petition is dismissed. Judgment for the defendant.